CASE TYPE: OTHER CIVIL

STATE OF MINNESOTA　　　　　　　　　　　　　　　　DISTRICT COURT

COUNTY OF HENNEPIN　　　　　　　　　　　　　　FOURTH JUDICIAL DISTRICT

---

Jerry's Enterprises, Inc.,

　　　　　　　Plaintiff,　　　　　　　　　　　　　　　　Court File No.:

　　vs.　　　　　　　　　　　　　　　　　　　　　　　　SUMMONS

U.S. Specialty Insurance Company,

　　　　　　　Defendant.

---

**THIS SUMMONS IS DIRECTED TO THE ABOVE NAMED DEFENDANT**

　　1.　　**YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file numbers on this summons.

　　2.　　**YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

　　　　Richard D. Snyder, Esq.
　　　　Fredrikson & Byron, P.A.
　　　　200 South Sixth Street, Suite 4000
　　　　Minneapolis, MN 55402-1425

　　3.　　**YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

　　4.　　**YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the


EXHIBIT A

complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even in you expect to use alternative means of resolving this dispute.

Dated: May 30, 2014

_____
Richard D. Snyder (#191292)
Erin M. Secord (#0391789)
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
Telephone: (612) 492-7000
Fax: (612) 492-7077

Attorneys for Plaintiff

50682963_1.DOCX

| | |
|---|---|
| STATE OF MINNESOTA | CASE TYPE: OTHER CIVIL |
| COUNTY OF HENNEPIN | DISTRICT COURT |
| | FOURTH JUDICIAL DISTRICT |

Jerry's Enterprises, Inc.,

    Plaintiff,

vs.

U.S. Specialty Insurance Company,

    Defendant.

Court File No.:

**COMPLAINT**
**(JURY TRIAL DEMANDED)**

Plaintiff, Jerry's Enterprises, Inc. ("JEI"), for its complaint against Defendant, U.S. Specialty Insurance Company ("Defendant" or "U.S. Specialty"), states and alleges as follows:

## NATURE OF THE CASE

1. This is an action for, among other things, breach of contract and declaratory judgment to resolve a controversy concerning Defendant's obligations under an insurance contract between the parties. The action arises from Defendant's refusal to indemnify JEI in connection with an underlying lawsuit commenced against JEI.

## THE PARTIES

2. Plaintiff JEI is a Minnesota corporation, headquartered in Edina, Minnesota. JEI is engaged in the grocery business and other businesses.

3. Defendant U.S. Specialty is an insurance company which, on information and belief, is a Texas corporation having its principal place of business in Houston, Texas.

## FACTS

### The Insurance Policy

4. In 2012, JEI purchased a Directors, Officers and Organization Liability Insurance Policy, policy no. 14-MGU-12-A27558 ("the Policy") from U.S. Specialty effective September 20, 2012 to September 20, 2013.

5. The Policy provides for coverage for losses arising from claims first made against insureds during the policy period for wrongful acts. The Policy contains two Insuring Agreements. Insuring Agreement A applies to claims against Insured Persons, including directors and officers of JEI. Insuring Agreement B applies to claims made against the Insured Organization, JEI. The Policy has an aggregate limit of liability of $5,000,000. JEI duly paid to U.S. Specialty all premiums owed for the Policy.

6. The Policy is a preprinted form policy provided by U.S. Specialty to its insureds. JEI had no opportunity to, and did not in fact, negotiate or change any of the preprinted terms and conditions of the Policy.

7. The coverage provided by the Policy states in relevant part that: "[U.S. Specialty] will pay to or on behalf of the Insured Organization Loss arising from Claims first made against it during the Policy Period or Discovery Period (if applicable) for Wrongful Acts."

8. The Policy defines "Loss" as "Defense Costs and any damages, settlements, judgments, back pay awards and front pay awards or other amounts (including punitive or exemplary damages and the multiplied portion of any multiplied damage award, if, and where insured by law) that an Insured is legally obligated to pay as a result of any Claim. . . ."

9. The Policy defines the term "Insured Organization" to mean "the Named Organization and any Subsidiary thereof."

<u>The Underlying Lawsuit Against JEI</u>

10. Three individual plaintiffs, Cheryl Sullivan, Kelly Sullivan and Monica Sullivan (now known as Monica Hintz), commenced a lawsuit on August 9, 2013 in Hennepin County District Court against JEI and two of its officers and directors, Robert N. Shadduck and Kent D. Dixon, both individually and as Trustees of the Testamentary Trust under the Last Will & Testament of Gerald A. Paulsen ("the Underlying Lawsuit").

11. The Underlying Lawsuit contained a number of separate counts and alleged various wrongful acts that allegedly caused damages to the three individual plaintiffs in their capacities as shareholders of JEI or as beneficiaries under the Last Will & Testament of Gerald A. Paulsen. The three individual plaintiffs in the Underlying Lawsuit sought money damages, attorneys' fees and other relief.

12. JEI timely notified U.S. Specialty of the Underlying Lawsuit and requested U.S. Specialty's assistance to resolve it. In letters dated September 18, 2013 and October 1, 2013, U.S. Specialty denied coverage and disclaimed any obligation to indemnify JEI or its directors in the Underlying Lawsuit, or pay for their defense. JEI thus was forced to incur all costs of defending the claims made by the three individual plaintiffs in the Underlying Lawsuit.

13. The parties to the Underlying Lawsuit agreed to engage in mediation to attempt to reach a resolution of the claims asserted by the three individual plaintiffs. U.S. Specialty was provided with notice of the mediation and was invited to participate. It declined.

14. The mediation took place on November 12 and 13, 2013, before Mediator Richard Solum, a former judge of the Hennepin County District Court and the former partner in the Dorsey & Whitney law firm.

15. After a lengthy mediation, a settlement was reached. The settlement was reduced to writing, and a copy of the settlement agreement has been provided to counsel for U.S. Specialty.

16. The basic terms of the settlement agreement are that the three individual plaintiffs in the Underlying Lawsuit would dismiss the action and would provide the defendants with a complete release, and that JEI, on behalf of all defendants, would pay a specified sum to the three individual plaintiffs, including their attorneys' fees and incurred costs.

17. The settlement reached by JEI was reasonable and necessary under the circumstances.

18. The defense costs incurred by JEI in defending the claims by the three individual plaintiffs in the Underlying Lawsuit were reasonable and necessary under the circumstances.

19. The defense costs incurred by JEI in defending the Underlying Lawsuit are covered under the terms of the Policy.

20. The settlement reached in the Underlying Lawsuit is covered by the terms of the Policy.

21. U.S. Specialty has wrongfully refused to pay defense costs incurred by JEI and its directors and officers, and has wrongfully refused to indemnify JEI for the settlement amount paid to the three individual plaintiffs.

22. Each allegation of this Complaint is incorporated by reference and to each of the following claims.

## FIRST CLAIM
(Breach of Contract)

23. The claims asserted in the Underlying Lawsuit are claims covered under the terms of the Policy.

24. U.S. Specialty is obligated under the Policy to pay all defense costs incurred by JEI and to indemnify settlement amounts paid by JEI to settle the Underlying Lawsuit.

25. U.S. Specialty breached its obligations under the Policy by failing to pay for the defense and by failing to indemnify JEI for the settlement reached in the Underlying Lawsuit.

26. As a direct result of U.S. Specialty's breach of its contract of insurance with JEI, JEI has been damaged in an amount which exceeds $50,000.

## SECOND CLAIM
(Declaratory Judgment)

27. A justiciable controversy exists between the parties regarding U.S. Specialty's obligation to pay for the defense of JEI and its directors and officers, and to indemnify JEI for sums paid in settlement of the Underlying Lawsuit.

28. JEI is entitled to a declaration pursuant to Minn. Stat. § 555.01 that: (1) U.S. Specialty has a duty to pay for the defense of JEI and its directors and officers in the Underlying Lawsuit; and (2) that U.S. Specialty has a duty to indemnify JEI in connection with the settlement reached in the Underlying Lawsuit.

## THIRD CLAIM
(Estoppel)

29. Having breached its obligations owed to JEI under the Policy, U.S. Specialty is precluded from asserting that it has no obligation to pay for the entire defense and the entire settlement of the Underlying Lawsuit, is precluded from asserting that defense costs incurred by

5

JEI exceeded what U.S. Specialty would have paid had it actually performed its contractual obligations, is precluded from asserting that Loss was incurred by JEI without U.S. Specialty's consent, and is otherwise precluded from asserting any new defenses under the Policy that it has not previously expressly asserted.

WHEREFORE, Plaintiff Jerry's Enterprises, Inc. demands judgment against Defendant U.S. Specialty Insurance Company as follows:

1. Declaring that the Policy provides coverage for the matters alleged in the Underlying Lawsuit, and that U.S. Specialty must pay all defense expenses and must indemnify JEI for the settlement reached in that case;

2. Awarding JEI compensatory damages against U.S. Specialty in an amount to exceed $50,000, plus prejudgment interest as provided by law;

3. Awarding JEI its reasonable attorneys' fees, costs, and disbursements incurred in this action; and

4. Granting JEI such other and further relief as the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY TRIAL**

Dated: May 30, 2014

*[signature]*

Richard D. Snyder (#191192)
Erin M. Secord (#0391789)
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
Telephone: (612) 492-7000
Fax: (612) 492-7077

Attorneys for Plaintiff

## ACKNOWLEDGEMENT

The undersigned hereby acknowledges that costs, disbursements, and reasonable attorneys' and witness fees may be awarded pursuant to Minn. Stat., Sec. 549.211, to the party against whom the allegations in this pleading are asserted.

Dated: May 30, 2014

*[signature]*
Richard D. Snyder (#191292)
Erin M. Secord (#0391789)
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
Telephone: (612) 492-7000
Fax: (612) 492-7077

Attorneys for Plaintiff

50554599.2